**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrel Peter Pandeli,<br><br>            Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>           Respondents. | No. CV-17-01657-PHX-JJT<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Before the Court are the following motions filed by Respondents: Motion for Order Precluding Defense Team from Contacting Victims (Doc. 9); Motion to Preclude Juror Contact (Doc. 10); and Motion to Set Reasonable Page Limits for Habeas Petition, Answer, and Reply (Doc. 11). Pandeli has filed responses in opposition. (Doc's 15–17.) The Court addresses the motions as follows.

**1.    Victim contact**

Respondents ask the Court enter an order "precluding Pandeli's defense team from directly contacting any victim in this case and directing that the team instead initiate any such contact through the Office of the Arizona Attorney General." (Doc. 9 at 2.) In support of their request, Respondents cite provisions of state and federal law, including A.R.S. § 13–4433(B), which provides that "[t]he defendant, the defendant's attorney or an agent of the defendant shall only initiate contact with the victim through the prosecutor's office," and the Crime Victims' Rights Act (CVRA), which gives state crime victims in federal habeas cases "the right to be treated with fairness and with

respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Pandeli opposes the motion, arguing Respondents do not represent the victims and cannot assert their rights, that the Court is not bound by A.R.S. § 13–4433(B), and that an order precluding contact places an undue burden on Pandeli's investigation. (Doc. 16.)

Whether or not A.R.S. § 13–4433(B) directly applies to these proceedings, the Court independently finds that the statute provides a reasonable mechanism for furthering the CVRA's goal of respecting a crime victim's dignity and privacy. Using counsel for Respondents to channel requests to contact victims, as contemplated by the CVRA itself, 18 U.S.C. § 3771(b)(2)(B)(i) and (d)(1), does not unduly burden Pandeli's access to the victims. *See, e.g.*, *Chappell v. Ryan*, No. CV-15-00478-PHX-SPL (D. Ariz. Jul. 21, 2015) (Doc. 19).

**2.     Juror contact**

Respondents ask the Court to "preclude Pandeli's defense team from contacting the trial or resentencing jurors absent prior leave of Court based on a showing of good cause to believe that juror misconduct occurred." (Doc. 10 at 4.) Pandeli contends that such a restriction would prevent his defense team from independently investigating his case and is not supported by relevant law. (Doc. 15.)

Pandeli is correct that no applicable law prohibits his counsel from interviewing jurors. Neither the Local Rules nor Ninth Circuit law bars post-verdict contact with jurors. *Harrod v. Ryan*, No. CV-16-02011-PHX-GMS, 2016 WL 6082109, at *2 (D. Ariz. Oct. 18, 2016). Respondents are correct, however, that long-established principles discourage post-trial contact with jurors. *See Tanner v. United States*, 483 U.S. 107, 120–21 (1987) (recognizing that allegations "raised for the first time days, weeks, or months after the verdict, seriously disrupt the finality of the process" and could undermine "full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople"); *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir. 1980) (explaining that because evidence concerning the manner at which a jury arrived at its verdict is inadmissible to test the

validity of a verdict, "the practice of counsel in propounding questions on these subjects to jurors after trial should be discouraged"). Rule 606(b) of the Federal Rules of Evidence, relied on by Respondents, is grounded in the common-law rule against admission of jury testimony to impeach a verdict.

Nonetheless, while jurors may not be questioned about their deliberations or mental processes, they may be questioned regarding any extraneous influence on their verdict. *Tanner*, 483 U.S. at 117; *Traver*, 627 F.2d at 941. Accordingly, Rule 606(b) allows jury testimony in limited circumstances to show that (1) extraneous prejudicial information was improperly brought to the jury's attention, (2) an outside influence was improperly brought to bear upon any juror, or (3) there was a mistake in the verdict form. Fed. R. Evid. 606(b); *see Tanner*, 483 U.S. at 121.

Based on these principles, the Court agrees that "investigation directed at discovering the inadmissible considerations of motives and influences that led to a juror's verdict, including questions designed to elicit a juror's thoughts on what their verdict might have been in response to evidence not presented at trial is inappropriate and unethical." *Harrod*, 2016 WL 6082109, at *2. The Court further notes, contrary to Pandeli's argument, that such evidence is inadmissible with respect to claims of ineffective assistance of counsel. *See Garza v. Ryan*, No. CV-14-01901-PHX-SRB, 2016 WL 4591854, at *2 (D. Ariz. Sept. 2, 2016) (collecting cases). It is not necessary to impose a good cause standard because counsel are obligated not to pursue inadmissible evidence about the jurors' deliberations.

**3.    Page limits**

As they have in other capital habeas cases, Respondents ask the Court to set "reasonable page limits on the habeas petition, answer, and reply," with a limit of 200 pages for the petition and answer and 75 for the reply. (Doc. 11 at 2.) They argue that the Court has discretion to set such limits and cite page-limits imposed in other districts. The District of Arizona has not placed page limits on habeas petitions, however, and this Court declines to do so on an ad hoc basis. Instead, the Court will refer Respondents'

request page limitations in capital habeas cases for consideration as a matter of District Court policy. *See Morris v. Ryan*, No. CV 17-00926 (Sep. 28, 2017) (Doc. 16).

For the reasons set forth above,

**IT IS ORDERED granting** Respondents' motion to preclude victim contact (Doc. 9) as follows: no person who is defined as a victim in this matter pursuant to Arizona law shall be contacted by anyone working with or on behalf of Pandeli or his counsel unless the victim, through counsel for Respondents, has consented to such contact. If consent is not provided and Pandeli nonetheless believes contact is necessary, he may file a motion with the Court explaining the necessity for such contact.

**IT IS FURTHER ORDERED granting in part and denying in part** Respondents' motion to preclude juror contact (Doc. 10). The motion is granted to the extent it would prevent Pandeli from questioning jury members on the course of their deliberations or other matters that are not admissible in evidence absent further authorization of this Court. The motion is denied to the extent it would prevent Petitioner from questioning jurors' concerning any extraneous influences on the jury.

**IT IS FURTHER ORDERED denying** Respondents' request to impose page limitations (Doc. 11).

Dated this 4th day of October, 2017.

Honorable John J. Tuchi
United States District Judge