**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrel Peter Pandeli,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>    Respondents. | No. CV-17-01657-PHX-JJT<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Before the Court is Respondents' Motion for Reconsideration. (Doc. 118.) They ask the Court to reconsider, pursuant to Local Rule 7.2(g), its order granting Pandeli's motion under *Rhines*[1] to stay these proceedings and hold them in abeyance while he exhausts claims in state court. As directed by the Court, Pandeli filed a response to the motion. (Doc. 121.) Respondents filed a reply. (Doc. 122.) The motion is denied for the reasons set forth below.

**DISCUSSION**

A court will ordinarily deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). A motion for reconsideration is appropriate only where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah*

---

[1] *Rhines v. Weber*, 544 U.S. 269 (2005).

*County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). They should not be used to ask a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Nor may they "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), or to repeat any argument previously made in support of or in opposition to a motion, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Finally, mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

In their "omnibus" response to Pandeli's request for leave to file a motion to stay and abey, Respondents stated: "Here, Pandeli filed a mixed petition." (Doc. 111 at 5; *see* Doc. 115 at 2.) Respondents also acknowledged in their answer to Pandeli's petition that "Claim 1 was a mixed claim in which some subclaims were exhausted and some were not." (*Id.* at 5–6.)

Now, however, Respondents contend that the Court committed "manifest error caused by their own mistaken characterization of Pandeli's petition as mixed."[2] (Doc. 118 at 1.) Respondents argue that the petition is not mixed because all of the claims are exhausted, either by the state courts' merits review or technically exhausted because Pandeli would be barred from raising them in a successive PCR petition. (Doc. 118 at 3-4.) Specifically, they assert that Claim 1, alleging ineffective assistance of counsel, would be deemed waived and precluded under Rule 32.1(a) of the Arizona Rules of Criminal Procedure.

---

[2] Only mixed petitions—those containing both exhausted and unexhausted claims—or petitions containing only unexhausted claims are subject to a stay under *Rhines*. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

- 2 -

Respondents' argument is not appropriate for a motion to reconsider. *See Kona Enterprises*, 229 F.3d at 890. They had the opportunity in their response to Pandeli's motion to argue that the petition was not mixed, but instead took the opposite position and analyzed his stay request by applying the *Rhines* standard. (Doc. 111 at 4–8.)

Respondents are also asking the Court to rethink what it has already thought through. *Defenders of Wildlife*, 909 F. Supp. at 1351; *see Am. States Ins. v. Ins. Co. of Penn.*, 245 F. Supp. 3d 1224, 1226 (E.D. Cal. 2017) (denying reconsideration where defendants "improperly attempt[ ] to take a 'second bite' at issues already decided against [them]."). As Pandeli notes, the Court's decision to grant a stay under *Rhines* was not based solely on Respondents' concession that the petition was mixed. The Court also took into account Pandeli's arguments about the potential effect of *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), on a habeas petitioner's opportunity to present new evidence. The Court cited *Guevara-Pontifes v. Baker*, No. 3:20-cv-00652-ART-CSD, 2022 WL 4448259 (D. Nev. September 23, 2022), where the district court rejected the argument, similar to that made by Respondents here, that the state's procedural bar rules would render a return to state court futile. *Id.* at *4–5; *see Pandeli v. Shinn*, No. CV-17-01657-PHX-JJT, 2022 WL 16855196, at *5 (D. Ariz. Nov. 10, 2022).

Accordingly,

**IT IS ORDERED** that Respondents' Motion for Reconsideration (Doc. 118) is **DENIED**.

Dated this 6th day of January, 2023.

Honorable John J. Tuchi
United States District Judge